UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JOHN MELE                        :
                                 :              PRISONER
     v.                          :   Case No.   3:06CV1747(WWE)
                                 :
STATE OF CONNECTICUT, et al.[1]  :
```

MEMORANDUM OF DECISION

Plaintiff, John Mele ("Mele"), brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. Mele states that this complaint is related to a case he filed in May 2006, Mele v. State of Connecticut, et al., 3:06cv779 (CFD). He asserts claims of retaliation for filing the former case and continued violation of his constitutional rights. For the reasons that follow, the complaint will be dismissed.

A district court may dismiss an action that is duplicative of another federal lawsuit as part of its general power to administer its docket. See Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). When confronted with repetitive claims in cases filed in the same district, the court properly invokes the prior pending action doctrine and gives priority to the

---

[1]The named defendants are:  State of Connecticut, Department of Corrections, Theresa Lantz, Brian Murphy, Mary Johnson, Esther Torres, Pidgeon, Weir, Barone, Thomas, Manocchio, Ravosa, White, Choinski, Quiros, Crescentini, Patty W., Johnston, Lopes, Adgers, Martin, Strange, Smith, Sandra Montesi, John Doe and Jane Doe.

first-filed case.  See First City Nat'l Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989).  Neither the addition of new defendants nor the inclusion of other claims will preclude dismissal under the prior pending action doctrine.  See Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs. Inc., 949 F. Supp. 1123, 1127 (S.D.N.Y. 1997).

Mele concedes that the claims in this case are related to the prior case, which was filed in May 2006, and that all of the actions alleged in this case were taken in retaliation for filing the prior case.  The court can discern no reason why Mele cannot amend the complaint in the prior case and litigate all of the related claims together.

This case is **DISMISSED** pursuant to the prior pending action doctrine without prejudice to Mele filing an amended complaint in the prior case to include all claims he intends to litigate.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 1st day of February, 2007, at Bridgeport, Connecticut.

                                          /s/
                                     Warren W. Eginton
                                     Senior United States District Judge